**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jerome Keith West, Appellant.

Appellate Case No. 2019-001002

Appeal From Charleston County
Deadra L. Jefferson, Circuit Court Judge,

Unpublished Opinion No. 2021-UP-383
Submitted October 1, 2021 – Filed November 3, 2021

**AFFIRMED**

Appellate Defender Victor R. Seeger, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Joshua Abraham Edwards, both of Columbia, for Respondent.

**PER CURIAM:** Jerome Keith West appeals his conviction for second-degree domestic violence and sentence of three years' imprisonment. On appeal, West argues the trial court erred in allowing the expert testimony of Dr. Alyssa Rheingold, asserting her opinions were predicated upon unreliable studies.

Because Dr. Rheingold explained she developed her opinions based on her experiences as a clinical psychologist who treated over two hundred victims of domestic violence; utilized peer-reviewed studies conducted by several organizations, including the Center for Disease Control; and stated this was an "industrywide" practice, the trial court did not abuse its discretion. Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Jones*, 423 S.C. 631, 636, 817 S.E.2d 268, 270 (2018) ("The admissibility of an expert's testimony is a matter within the trial court's sound discretion and the determination will not be reversed on appeal absent an abuse of discretion."); *id*. ("A trial court's ruling on the admissibility of expert testimony constitutes an abuse of discretion where the ruling is unsupported by the evidence or controlled by an error of law."); Rule 702, SCRE ("If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."); *Jamison v. Morris*, 385 S.C. 215, 228, 684 S.E.2d 168, 175 (2009) ("All expert testimony must meet a reliability threshold under Rule 702, SCRE, which imposes an affirmative and meaningful gatekeeper function on the trial [court]."); *Jones*, 423 S.C. at 640, 817 S.E.2d at 272 ("[W]hether to accept the expert's opinions or not is a matter for the jury to decide. Trial courts are tasked only with determining whether the basis for the expert's opinion is sufficiently reliable such that it be may offered into evidence."); *id*. at 638-39, 817 S.E.2d at 272 ("[T]here is no formulaic approach for determining the reliability of nonscientific testimony."); *id*. at 640, 817 S.E.2d at 272 (holding an expert in child sexual abuse dynamics "met the threshold reliability requirement when she testified her methods were published in professional articles and trade publications, subject to peer review, and uniformly accepted and relied upon by other professionals in the field").

**AFFIRMED.**[1]

**HUFF, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.